**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50496 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03278-AJB |
| v. | |
| JULIO ADRIAN MANZANO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Julio Adrian Manzano appeals from the district court's judgment and

challenges the 42-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960. We have

jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Manzano contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. He argues that the court ignored several factors identified in the commentary to the minor role Guideline, relied on improper factors, and effectively treated simple couriers as categorically barred from receiving a role adjustment. Reviewing de novo, *see United States v. Quintero-Leyva*, 823 F.3d 515, 522 (9th Cir. 2016), we conclude that the district court did not err. The record reflects the district court applied the correct legal standard and gave ample consideration to the factors listed in the commentary. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C). The court was not required to "tick off" the factors to show that it had considered them. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the court properly compared Manzano's culpability to that of his co-participants in the offense and did not rely on any improper considerations. *See Quintero-Leyva*, 823 F.3d at 523. Finally, the record shows that the court understood that Manzano was eligible for a minor role adjustment, but concluded that the facts did not support an adjustment.

**AFFIRMED.**